UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.:

1ST MARINE A/S, IF SKADESFORSIKRING, CATHEDRAL UNDERWRITING LTD., all Subscribing Underwriters, as subrogees of certain cargo interests aboard the container ship VEGA SAGITTARIUS, and ROYAL ARCTIC LINES,

      Plaintiffs,

vs.

MS VEGA SAGITTARIUS SHIPPING COMPANY LIMITED, MS VEGA SAGITTARIUS SCHIFFFAHRTSGESELLSCHAFT MBH & CO KG and VEGA REEDEREI GMBH & COMPANY KG,

      Defendants.
_____/

### VERIFIED COMPLAINT

Plaintiffs, 1ST MARINE A/S, IF SKADESFORSIKRING, CATHEDRAL UNDERWRITING LTD., and all Subscribing Underwriters, as subrogees of certain cargo interests aboard the container ship VEGA SAGITTARIUS, and ROYAL ARCTIC LINES, by and through their undersigned counsel, as and for its Verified Complaint against Defendants MS VEGA SAGITTARIUS SHIPPING COMPANY LIMITED, MS VEGA SAGITTARIUS SCHIFFFAHRTS- GESELLSCHAFT MBH & CO KG and VEGA REEDEREI GMBH & COMPANY KG, allege upon information and belief as follows:

### JURISDICTION AND PARTIES

1.    This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure Rule 9(h) and 28 U.S.C. § 1333.

CASE NO.: _____
PAGE 2

2. At all times relevant to this action, Plaintiffs 1ST MARINE A/S, IF SKADESFORSIKRING, CATHEDRAL UNDERWRITING LTD., and all Subscribing Underwriters, were, and still are, foreign entities that insured various cargoes aboard the 456 foot Liberian flag container ship VEGA SAGITTARIUS.

3. At all times relevant to this action, Plaintiff ROYAL ARCTIC LINES was the Charterer of the VEGA SAGITTARIUS and the owner of cargo containers aboard the ship.

4. At all times relevant to this action, Defendants were foreign entities and the Owners and/or Beneficial Owners of the 456 foot container ship VEGA SAGITTARIUS.

5. Upon information and belief, and after a diligent search, the Defendants cannot be "found" within the Southern District of Florida for the purposes of Rule B(1)(a) of the Supplemental Rules for Admiralty and Maritime Claims. *See attached*, Affidavit of Patrick E. Novak.

## FACTS

6. On or about August 16, 2012 the 456 foot container ship VEGA SAGITTARIUS ran hard aground off the coast of Greenland. *See attached*, Photographs of the grounded vessel.

7. On or about August 20, 2012 the Owners, Beneficial Owners and/or Managers of the ship hired Smit Salvage Americas, Inc., to provide salvage services to the ship and cargo. The salvage of the ship and cargo was successful.

8. Cargo interests aboard the ship at the time of the salvage were required to post security in favor of the Smit Salvage for salvage services rendered in order to secure the release of their respective cargoes and containers.

9. On or about March 19, 2013 the Owners, Beneficial Owners and/or Managers of the ship and all cargo interests entered into an agreement with Smit Salvage to settle all salvage

claims for the sum of $5,6000,000 (five million six hundred thousand dollars).

10.  Pursuant to the settlement agreement the cargo interests and their insurers agreed to pay a pro rata share of the settlement amount based on the value of the property saved.

11.  Pursuant to the terms of the settlement agreement, collectively Plaintiffs paid **$1,613,768.00** (one million six hundred thirteen thousand seven hundred sixty eight dollars) to Smit Salvage for salvage services rendered to their insured's cargoes and the cargo containers. *See attached,* Smit Settlement Agreement.  Plaintiffs represent a percentage of the value of the 2nd Respondent and the 3rd, 4th & 5th Respondents as set forth in the Agreement.

12.  As a result, Plaintiffs are subrogated to the rights of the various cargo interests against the Owners, Beneficial Owners and Managers of the ship for their breach of contract, negligence and the unseaworthiness of the ship.

13.  The rights of some of the cargo interests against the Owners of the ship may be subject to arbitration but nonetheless Plaintiffs are entitled to security for their claims.

14.  Defendants cannot be found in the Southern District of Florida within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims but, upon information and belief, Defendants have or will soon have property in the Southern District of Florida - the 456 foot container ship VEGA SAGITTARIUS calling at Port Everglades.

15.  There is no statutory or general maritime law proscription to the attachment sought herein.

## COUNT ONE - NEGLIGENCE

16.  The Owners, Beneficial Owners and Managers of the ship owed a duty to all cargo interests to properly carry, keep and care for all cargo aboard the ship.

CASE NO.: _____
PAGE 4

17. The negligence of the Owners, Beneficial Owners and Managers of the ship including, but not limited to, failure to implement and/or follow International Safety Management Procedures and proper bridge resource management and navigational practices, caused or contributed to the grounding of the ship. The breach of the duty to properly carry, keep and care for the cargo was a breach of the relevant contracts of carriage and/or charter party and, as a result thereof, Plaintiffs suffered damages.

18. As a result of the payment of **$1,613,768.00** for the salvage services rendered, Plaintiffs are subrogated to the rights of the cargo interests against the Owners of the ship and entitled to recover all sums paid.

## COUNT TWO – UNSEAWORTHINESS

19. The Owners, Beneficial Owners and Managers of the ship owed a duty to all cargo interests to maintain a seaworthy ship.

20. The ship was unseaworthy at the commencement of the voyage by, amongst other things, the failure to implement and/or follow International Safety Management Procedures and proper bridge resource management and navigational practices and, as a result of the unseaworthy conditions, the ship grounded, the relevant contracts of carriage and/or charter party were breached and Plaintiffs suffered damages.

21. As a result of the payment of **$1,613,768.00** for the salvage services rendered, Plaintiffs are subrogated to the rights of the cargo interests against the Owners of the ship and entitled to recover all sums paid.

CASE NO.: _____
PAGE 5

## **PRAYER FOR RELIEF**

22.   Upon information and belief, the 456 foot Liberian flag container ship VEGA SAGITTARIUS is now or shortly will be calling Port Everglades, FL and be within the District for purposes of Supplemental Admiralty Rule B.

23.   Plaintiffs seek an Order from this Court directing the Clerk of the Court to issue the Process of Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B, attaching the 456 foot Liberian flag container ship VEGA SAGITTARIUS for the amount of **$1,613,768.00** for the purpose of obtaining personal jurisdiction over the Defendants and to obtain security for the claims set forth herein.

WHEREFORE, Plaintiffs pray:

    a.    That process in due form of law issue against the 456 foot Liberian flag container ship VEGA SAGITTARIUS, citing the Owners to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

    b.    That since Defendants cannot be found within the Southern District of Florida pursuant to Supplemental Admiralty Rule B, this Court issue an Order directing the Clerk of the Court to issue the Process of Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B, attaching the 456 foot Liberian flag container ship VEGA SAGITTARIUS and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B and E, answer the matters alleged in the Verified Complaint;

    c.    That this Court retain jurisdiction over this matter through the entry of any judgment or an award associated with any of the claims set forth herein, or which may be initiated in the future, including any appeals thereof; and

CASE NO.: _____
PAGE 6

    d.    That Plaintiffs have such further relief as the Court may deem just and proper in law and equity.

Dated: November 18, 2013
         Miami, Florida

                Respectfully submitted,

                /s/ Patrick E. Novak
                PATRICK E. NOVAK
                Florida Bar No.: 838764
                pnovak@admiral-law.com
                HORR, NOVAK & SKIPP, P.A.
                Two Datran Center, Suite 1700
                9130 South Dadeland Boulevard
                Miami, FL 33156
                Telephone: (305) 670-2525
                Facsimile: (305) 670-2526
                Attorneys for Plaintiffs

## VERIFICATION

I do solemnly swear under penalty of perjury, that I have read the foregoing Verified Complaint and that the allegations contained herein are true and correct to the best of my information and belief.

The source of my knowledge, information and belief is information provided to me by the attorneys, agents and representatives of the Plaintiffs.

This Verification has not been made by corporate officer of the Plaintiffs because time is of the essence and no corporate officer is within the District.

CASE NO.: _____

PAGE 7

I am authorized to sign this Verified Complaint on behalf of 1ST MARINE A/S, TT CLUB, IF SKADESFORSIKRING, CATHEDRAL UNDERWRITING LTD., all Subscribing Underwriters and ROYAL ARCTIC LINES.

DATED this 18th day of November, 2013.

_____
PATRICK E. NOVAK

/3

CASE NO.: _____

PAGE 8

## SERVICE LIST

| | |
|---|---|
| **PATRICK E. NOVAK**<br>Florida Bar No.: 838764<br>pnovak@admiral-law.com<br>HORR, NOVAK & SKIPP, P.A.<br>Two Datran Center, Suite 1700<br>9130 South Dadeland Boulevard<br>Miami, FL 33156<br>Telephone: (305) 670-2525<br>Facsimile: (305) 670-2526<br>**Attorneys for Plaintiffs** | |